UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GARY MAGUR, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil No. 05-175-P-S |
| | ) | |
| MAREK A. KWASNIK, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON REMOVED CASE**

I recommend that the court dismiss this action in its entirety from this docket and remand it back to the District Court of the State of Maine at Portland sua sponte based upon lack of subject matter jurisdiction. In order for this court to have jurisdiction over this matter removed from state court there would have to be either diversity jurisdiction or federal question jurisdiction. There is neither in this case. Both the plaintiffs and the defendants reside in Maine. Review of the complaint indicates that it is a forcible entry and detainer action seeking the possession of real property situated in Windham, Maine. There is no federal question raised on the face of the state court complaint. In all events, there remains an overriding requirement that the federal claim or issue appear on the face of "a well [i.e., properly] pleaded complaint," so that federal jurisdiction is absent where the federal issue would arise only as a defense to a state cause of action. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 153-54 (1908). Any federal defense that Kwasnik and Karnes raise must be asserted in the state action.

In this case Karnes and Kwasnik cite as the grounds for removal 28 U.S.C. § 1443 "and/or" § 1441 (a) –(c). Neither of those statutory provisions provides a basis for

removal of this forcible entry and detainer action.  Furthermore, based upon the record filed with the notice of removal, it appears that the state court case has already proceeded to judgment (See Docket No. 1, Ex. 5) and therefore the Rooker-Feldman doctrine would prohibit this court from acting in the role of an appellate court vis-à-vis the determination made by the Maine State District Court Judge. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. __, 125 S.Ct. 1517 (2005).

Therefore I recommend that the court sua sponte order the case remanded because there is no subject matter jurisdiction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.
Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated:  September 19, 2005